**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOHN OMOILE** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | **CAUSE NO.** _____ |
| **VS.** | § | |
| | § | |
| | § | |
| **GODWIN EMEFIELE, IN HIS** | § | |
| **INDIVIDUAL AND OFFICAL** | § | **JURY DEMANDED** |
| **CAPACITY AS THE FORMER CEO** | § | |
| **AND GROUP MANAGING** | § | |
| **DIRECTOR OF ZENITH BANK, PLC,** | § | |
| **MARGARET OMOILE EMEFIELE,** | § | |
| **ZENITH BANK, PLC, AND DUMIES** | § | |
| **INVESTMENT LIMITED.** | § | |
| | § | |
| **Defendants** | | |

## ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME** John Omoile, hereinafter called Plaintiff, complaining of and about Godwin Emefiele, Individually and in his Official Capacity as the former CEO, and Group Managing Director of Zenith Bank, PLC. Margaret Omoile Emefiele, Zenith Bank, Plc, and Dumies Investment Limited, hereinafter called Defendants, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff intends that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2.      Plaintiff John Omoile, is an Individual and a Dallas County, Resident.

3.      Defendant, Godwin Emefiele, is an Individual and a citizen of Nigeria, may be

served at Shop 33, Ikorodu Crescent, Dolphin Estate Ikoyi, Lagos Nigeria, or any other place he may be found. Service of said Defendant, as described above can be effected by personal delivery

4.     Defendant Margaret Omoile Emefiele, is an Individual and a citizen of Nigeria, may be served at her address Shop 33, Ikorodu Crescent, Dolphin Estate Ikoyi, Lagos Nigeria, or any other place she may be found. Service of said Defendant, as described above can be effected by personal delivery.

5.     Defendant Zenith Bank, Plc, is a Foreign Company, organized under the Law of Nigeria, may be served by serving the company's Chief Executive Officer Ebenezer Onyeagwu, who may be served at Zenith Heights, Plot 83, Ajose Adeogun Street, Victoria Island, Lagos Nigeria or any other place he may be found. Service of said Defendant, as described above can be effected by personal delivery.

6.     Defendant Dumies Investment Limited, is a Foreign Company, organized under the Law of Nigeria, may be served by Serving the company's Chief Executive Officer Margaret Omoile Emefiele, who may be served at Shop 33, Ikorodu Crescent, Dolphin Estate Ikoyi, Lagos Nigeria, or any other place she may be found. Service of said Defendant, as described above can be effected by personal delivery.

In the event any party (ies) are misnamed or are not included herein, it is Plaintiff's contention that such was a 'misidentification," "misnomer" and/or such party (ies) are/were "alter egos" of the party (ies) named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

**JURISDICTION AND VENUE**

7.     The subject matter in controversy is within the jurisdictional limits of this court.

8.      Plaintiff seeks monetary relief over One Million Dollars.

9.      This court has jurisdiction over the parties.

10.     Venue in Dallas County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code and under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## FACTUAL ALLEGATIONS

11.     The Plaintiff and the defendants were involved in various business transactions leading to the Plaintiff filling this lawsuit.

### Real Estate Business

12.     The Plaintiff and Defendant Godwin Emefiele started a real estate business in 2006. The parties had a joint venture, and created a Limited Liability Company called Rosewood Malcolm LLC, which they transacted under. Rosewood Malcolm LLC, was created with the sole purpose of buying, selling, and developing, real estate properties in the USA. The agreement creating the company, called for the parties to share the profit or loss equally. The joint venture, encouraged and was aware that Plaintiff would take mortgages in his name, for the benefit of the joint venture, and that the joint venture was to be responsible for any profit or loss from such transaction.

13.     Once the joint venture started, profits were shared, however, losses was left by the Defendant Godwin Emefiele, for the Plaintiff only to be responsible for. One of such real estate purchased under the joint venture agreement between the parties was 7026 W. 43rd street, Houston Texas, for $141,000. As part of the transaction the Plaintiff took a personal mortgage in his name, for $167,000 from Wachovia Bank. The Plaintiff continued to manage the development of these properties and making mortgage payments solely on his credit and

accounts. The U.S. property market bubble-burst between 2008 and 2009 greatly affected the Plaintiff, and the value of the joint venture's properties, as the market value of the properties depreciated even though Plaintiff continued to be responsible for the huge financial burden of mortgage servicing without any help or assistance from Defendant Godwin Emefiele; not until 2010, when mortgage default payment was inevitable by the Plaintiff with his credit rating ruined. This was when Defendant Godwin Emefiele accepted to share some of the joint ventures' losses by accepting to pay the monthly mortgage payments.

14.     In addition to the above and at Defendant Godwin Emefiele instance, the Plaintiff purchased a property in 2008, in Coppell after which Defendant Godwin Emefiele had sent him the sum of $360,000,  As a result of these property transactions, the Plaintiff suffered great losses. His private/business accounts highly became the subject of scrutiny by the tax authorities since the inflows of monies through his business accounts were seen as corporate transactions. The Plaintiff had to pay taxes on his business accounts even though the transactions were for the real estate venture between the Plaintiff and Defendant Godwin Emefiele. In this regard, the total loss and out of pocket expense which is due to the Plaintiff from Defendant Godwin Emefiele is in at least $500,000, from this transaction. There are sufficient documents to support these claims in losses which have been detrimental to the Plaintiff. The Defendant Godwin Emefiele voluntarily, agreed to pay for these liabilities, still reaffirming his commitment to pay on several occasions over the years, even as recent as 2020, however, up until Plaintiff filling this lawsuit, the Defendant Godwin Emefiele has refused to pay. Furthermore, the Defendant Godwin Emefiele, advised the Plaintiff to refinance his current home mortgage to pay-off all the business and personal tax liabilities and to settle the monthly mortgage payments of $2879.00. However, despite Plaintiff relying on these promises to his detriments, the Defendant Godwin Emefiele

informed the Plaintiff on or about April, 11, 2020, that he would be reengaging on these promises, even though Plaintiff had relied on them to his detriments. As of the filling of this lawsuit, the losses on the Joint Ventures real estate transaction are over one million, and counting.

**Oil and Gas**

15.     On or about November 2007, a tripartite agreement was signed by the Plaintiff, the Defendant Godwin Emefiele and one Mr. Pius Oyibo. The agreement was signed in Coppell, Texas, USA. The said agreement dated 7th December 2007 articulated the carrying on the business of oil and gas including the buying, selling and transportation of products in Nigeria. It was also agreed by the Parties that Defendant Godwin Emefiele, will immediately upon his return to Nigeria register a company to be called Noka Energy Nigeria Limited after the name of the company called Noka Energy Group LLC whose MD and Chairman was Mr. Pius Oyibo.

16.     To further the objectives of Noka Energy Nigeria limited, Defendant Godwin Emefiele, provided the sum of $250,000 for the purchase of trucks and tankers that was to be used for the business. The Plaintiff, immediately swung into action by abandoning his own business, consulting with experts in the industry, making business trips in the United States of America sourcing for trucks and trailers, making business trips to Nigeria to meet with oil and gas industry leaders and hired the support services of a staff (Mr. Godfrey Uwaigboi) all at humongous expense, time and resources.

17.     On one of Plaintiff's visit to Nigeria in 2008, Defendant Godwin Emefiele, took Plaintiff to Amuwo Odofin and Lagos-Ibadan expressway petroleum stations under construction; showed him the site where Noka Energy Nigeria was to be located and held series of strategy meetings on how to position the business in Nigeria.

18.     However, rather than register Noka Energy Nigeria limited, as promised and as contemplated by the parties agreement,  Defendant Godwin Emefiele actually registered another oil and gas business called Dumies Oil and Gas Limited ("Dumies Limited"), without the knowledge of the Plaintiff. Dumies Limited, upon information and belief, was registered on 28th January 2008. Dumies Limited, was registered by the Defendant Godwin Emefiele, using Defendant Margaret Omoile Emefiele, whom Defendant Godwin Emefiele, is married to, as alter ego for Dumies Limited. The trucks shipped to Nigeria from the USA, that Defendant Godwin Emefiele, had previously shown Plaintiff, to be belonging to Noka Energy Nigeria limited, were now converted for the use and benefits of Dumies Limited, without any explanation to the Plaintiff, or with the permission of the parties to Noka Energy Nigeria limited.

19.     The agreement creating Noka Energy Nigeria limited, was not executed by the Defendant Godwin Emefiele, and the properties belonging to Noka Energy Nigeria limited, was converted by Dumies Limited, without the consent of the parties. Plaintiff and Defendant Godwin Emefiele, held a Zoom meeting on or about April 11, 2020, it was at this meeting that the Defendant Godwin Emefiele, made the situation clear as per the parties oil and gas business. Consequently, the Plaintiff suffered severe losses in relation to this venture, losses in which he is yet to be reimbursed. The loss figures stood at, at least $20,000,000 (twenty million dollars only), as of the filling of this lawsuit.

**Zenith Bank Shares Acquisition**

20.     Plaintiff on or about in 2004, gave Defendant Godwin Emefiele, the sum of 1.4 Million naira and $50,000 to purchase Zenith bank shares for him during the Bank's Initial Public Offer (IPO). While Defendant Godwin Emefiele claimed the shares were purchased, Plaintiff has not had the benefit of the details of the share purchase transaction. Plaintiff had

made numerous demands to the Defendant Godwin Emefiele, to provide details of the shares including the accrued bonus on the shares over the years prior to their eventual liquidation. Plaintiff believes and continues to believe that he did not received the fullest value for the consideration he parted with on the share subscription transaction. The loss figures stood at, at least $10,000,000 (ten million dollars only), as of the filling of this lawsuit.

21.     It was at the Zoom meeting between the parties that occurred on or about April 11, 2020, that Defendant Godwin Emefiele, told the Plaintiff that the shares had been liquidated and has not provided accounting to the Plaintiff. Upon information and believe the shares, including the dividends it provided would be worth at least $500,000, as of the time Plaintiff is filling this lawsuit.

22.     At the time of this transaction the Defendant Godwin Emefiele, was the Chief Executive Officer of the Bank ("CEO'), of the Defendant Zenith Bank, Plc, and acted in his official capacity, as the Bank's CEO on some of these transactions. In the alternative, the bank was aware of the dealings of the Defendant Godwin Emefiele, and approved it.

23.     Additionally, Defendant Godwin Emefiele, failed to disclose materials facts to the Plaintiff. Plaintiff provided to the Defendant Godwin Emefiele, monies that have not been accounted for, and incurred expenses in transactions leading to Plaintiff filling this lawsuit.

24.     Defendant Godwin Emefiele, accepted the monies from the Plaintiff, with knowledge that the Plaintiff expected to invest the monies in various business enterprise, and that the Defendant was acting in a fiduciary relationship in the transaction leading to Plaintiff filling this lawsuit.

25.     In reliance on the promise of Defendant, Godwin Emefiele, Plaintiff has incurred additional expenses that it would normally not have incurred, but for the promises of the

Defendant. For example, the Plaintiff has had to loan monies from various financial instructions in the USA.

26.      The action taken by the Plaintiff was reasonable and foreseeable in light of the promise made by Defendant.

## BREACH OF CONTRACT

27.      Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

28.      All conditions precedent to the performance of the Defendants under the Contract have been met.

29.      The contractual obligations of Plaintiff have been fully performed.

30.      Defendants breach of contract described hereinabove has injured Plaintiff, entitling Plaintiff to damages as set forth in the contract.

## DECEPTIVE TRADE PRACTICES

31.      Plaintiff would show that the defendants engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below.

32.      Unconscionable Action or Course of Action.      Defendants engaged in an "unconscionable action or course of action" to the detriment of Plaintiff as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree.

33.      Violations of Section 17.46(b).      Defendants violated Section 17.46(b) of the Texas Business and Commerce Code, in that Defendants:

(a)     caused confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;

(b)     caused confusion or misunderstanding as to affiliation, connection, or association with, or certification by, another;

(c)     represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;

(d)     represented that goods are original or new if they are deteriorated, reconditioned, reclaimed, used, or secondhand;

(e)     represented that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

(f)     advertised goods or services with intent not to sell them as advertised;

(g)     represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

(h)     knowingly made false or misleading statements of fact concerning the need for parts, replacement, or repair service;

(i)     represented that a guaranty or warranty confers or involves rights or remedies which it does not have or involve; and

(j)     failed to disclose information concerning goods or services which was known at the time of the transaction with the intention to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

34.   Breach of Warranties.  Plaintiff would show that the following warranties were breached and therefore actionable under Section 17.50(a) (2) of the Texas Business and Commerce Code:

(a)   the implied warranty of fitness for a particular purpose; and

(b)   the implied warranty of good and workmanlike performance.

35.   Producing Cause.  Plaintiff would show that the acts, practices and/or omissions complained of where the producing cause of Plaintiff's damages more fully described hereinbelow.

36.   Reliance.  Plaintiff would further show the acts, practices and/or omissions complained of under Section 17.46(b) of the Texas Business and Commerce Code were relied upon by Plaintiff to Plaintiff's detriment.

37.   Written Notice Given.  Plaintiff has timely notified Defendants of such complaint pursuant to Section 17.505(a) of the Texas Business and Commerce Code, and would show compliance with all conditions precedent to the filing of this suit and recovery of additional damages and attorney's fees.

## FRAUDULENT INDUCEMENT

38.   Plaintiff incorporate by reference the factual allegations contained in the preceding paragraphs.

39.   Defendants knew that the aforementioned representation were false when they were made.  Alternatively, Defendants made these representations recklessly, without any regard for their truth.

40.   Additionally, Defendants, were aware that the failure to state the true facts was so misleading as to constitute a material omission

41.     Defendants intended that Plaintiff rely on the representations and omissions and acted so as to deceive and Plaintiff.

42.     Plaintiff had no knowledge of the representations and omissions by Defendants and justifiably relied upon the representations and omissions in entering into the Contract.

43.     Plaintiff has been injured as a direct and proximate result of the foregoing fraudulent inducement of Defendants; specifically Plaintiff has suffered monetary and other damages.  Accordingly Plaintiff request any relief necessary to restore Plaintiff to its previous position.

## COMMON LAW FRAUD

44.     Plaintiff incorporate by reference the factual allegations contained in the preceding paragraphs.

45.     Plaintiff allege that Defendants, made the representation to Plaintiff with the knowledge of the falsity of the representation or with reckless disregard of the truth and that the Plaintiff would not be in a position to know of the falsity of the representations.

46.     Plaintiff allege that Defendants, concealed or failed to disclose facts within the knowledge of Defendants, that Defendants knew that Plaintiff did not have knowledge of the same and did not have equal opportunity to discover the truth. Defendants had a duty to disclose to the Plaintiff.

47.     Plaintiff would further show that the representations and omissions were made by the Defendants with the intention that the Plaintiff act upon the representations and omissions and that the Plaintiff relied on the representations and omissions to their detriment.

48.     Plaintiff would further show that the representations and omissions made by the Defendants were material in that they induced Plaintiff into entering the contract at issue

between the Plaintiff and the Defendants.

49.    In making the representations and omissions, Defendants acted so as to deceive and defraud Plaintiff.

50.    Plaintiff has been injured as a direct and proximate result of the foregoing fraudulent acts of Defendants. Accordingly Plaintiff request any relief necessary to restore Plaintiff to their previous position.

## CONSTRUCTIVE FRAUD

51.    Plaintiff incorporate by reference the factual allegations contained in the preceding paragraphs.

52.    Plaintiff allege that the Defendants knew that the aforementioned representation were false.

53.    Plaintiff allege that Defendants, concealed or failed to disclose facts within the knowledge of Defendants, that Defendants knew that Plaintiff did not have knowledge of the same and did not have equal opportunity to discover the truth.

54.    Plaintiff would further show that in making the representations and omissions, Defendants acted so as to abuse the trust and confidence the Plaintiff had placed in Defendants.

55.    Plaintiff would further show that the representations and omissions made by the Defendants were material.

56.    Plaintiff justifiably relied on the representations and omissions of the Defendants to their detriment.

57.    Plaintiff have been injured as a direct and proximate result of the foregoing fraudulent acts of Defendants. Accordingly Plaintiff request any relief necessary to restore Plaintiff to their previous position.

## NEGLIGENT MISREPRESENTATION

58.     Plaintiff incorporate by reference the factual allegations contained in the preceding paragraphs.

59.     Plaintiff would show that Defendants, made false representations in the course of a transaction in which Defendants had a pecuniary interest, and that the representation was made by Defendants to guide the Plaintiff in the conduct of Plaintiff's business.

60.     Defendants failed to exercise reasonable care or competence in obtaining or communicating such information represented.

61.     Plaintiff justifiably relied on the misrepresentation of the Defendants, resulting in pecuniary loss.

62.     Plaintiff therefore assert a cause of action for negligent misrepresentation against Defendants, as provided by Federal Land Bank Association of Tyler v. Sloane, 825 S.W.2d 439 (Tex. 1991).

## AGENCY

63.     At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of Defendants, occurred within the scope of the actual or apparent authority of such person on behalf of said Defendants.

64.     Said Defendants is therefore liable to Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

## RESPONDEAT SUPERIOR

65.     At and during the time of the acts and/or omissions complained of herein, said acts and/or omissions of any employee of Defendants, occurred within the scope of the general

authority and for the accomplishment of the objectives for which such employee was employed.

66.    Defendants are therefore liable to Plaintiff for the acts and/or omissions of any such employee complained of herein under the doctrine of respondeat superior.

## ECONOMIC AND ACTUAL DAMAGES

67.    Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendants described hereinabove:

        (a)    Out-of-pocket expenses

        (b)    Lost profits.

        (c)    Lost earnings.

        (d)    Lost earning capacity.

## OTHER DAMAGES

68.    Plaintiff have sustained damages in excess of this Court's jurisdictional minimum, as a result of the actions and/or omissions of Defendants described hereinabove, including, but not limited to:

        (a)    Actual or economic damages

        (b)    Special or consequential damages

        (c)    Liquidated damages under the terms of the contract.

## MULTIPLE DAMAGES

69.    Plaintiff would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that Defendants had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

70.    Plaintiff further aver that such acts, practices, and/or omissions were committed "intentionally" in that Defendants specifically intended that Plaintiff act in detrimental reliance

on the falsity or deception or in detrimental ignorance of the unfairness.

71.     Therefore, Plaintiff is entitled to recover multiple damages as provided by 17.50(b) (1) of the Texas Business and Commerce Code.

## RESCISSION AND OTHER ORDERS TO RESTORE

72.     Pursuant to Section 17.50(b) (3) of the Texas Business and Commerce Code, Plaintiff request that the Court rescind the transaction on which this complaint is based and enter appropriate orders necessary to restore to Plaintiff money and/or property acquired in violation of said Act, including but not limited to:

        (a)     Rescission of the Contract at issue between the parties, and

        (b)     Plaintiff requests that the Court enter an order requiring Defendants to pay restitution to Plaintiff.

## EXEMPLARY DAMAGES

73.     Plaintiff would further show that the acts and omissions of Defendants, complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendants at the expense of Plaintiff. In order to punish said Defendants for such unconscionable overreaching and to deter such actions and omissions in the future, Plaintiff also seeks recovery from Defendants for exemplary damages as provided by Section 41.003(1) of the Texas Civil Practice and Remedies Code.

## OTHER RELIEF REQUESTED

74.     Declaratory Judgment: Plaintiff request that declaratory judgment be entered under Chapter 37 of the Texas Civil Practice and Remedies Code.

## ATTORNEY'S FEES

75.     Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by:  (a) Section 17.50(d) of the Texas Business and Commerce Code; (b) Chapter 38 of the Texas Civil Practice and Remedies Code; (c) Section 37.009 of the Texas Civil Practice and Remedies Code; and, (d) common law.

## ALTERNATIVE ALLEGATIONS

76.     Pursuant to Rules 47 and 48, Texas Rules of Civil Procedure and the rules of pleadings, allegations in this petition are made in the alternative.

77.     **PLAINTIFF'S REQUEST FOR DISCLOSURE**

**TO:     Defendants,**

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, you are requested to disclose, within 30 days of service of this request, the information or material as set forth below in Exhibit A.  A response to a request under Rule 194.2(f) is due according to Rule 195.2 of the Texas Rules of Civil Procedure.

The disclosures must be signed in accordance with Texas Rules of Civil Procedure, Rule 191.3, and delivered to the undersigned attorney.  If you fail to comply with the requirements above, the Court may order sanctions against you in accordance with the Texas Rules of Civil Procedure.

## EXHIBIT A

## REQUESTS FOR DISCLOSURE

1.      R.194.2(a).:

> State the correct names of the parties to the lawsuit.


2.      R.194.2(b).:

> State the name, address, and telephone number of any potential parties.


3.      R.194.2(c).:

> State the legal theories and, in general, the factual bases for your claims or defenses.


4.      R.194.2(d).:

> State the amount and any method of calculating economic damages.


5.      R.194.2(e).:

> State the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.


6.      R.194.2(f).:

> For any testifying expert, state:
>
>   1.      the expert's name, address, and telephone number;
>
>   2.      the subject matter on which the expert will testify;

3.      the general substance of the expert's mental impressions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to your control, documents reflecting such information;

4.      if the expert is retained by, employed by, or otherwise subject to your control:

A)      produce all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

B)      produce the expert's current resume and bibliography.

7.      R.194.2(g).:

Produce any indemnity and insuring agreements as described in Rule 192.3(f).

8.      R.194.2(h).:

Produce any settlement agreements as described in Rule 192.3(g).

9.      R.194.2(i).:

Produce any witness statements as described in Rule 192.3(h).

10.     R.194.2(j).:

If this is a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, produce all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.

11.     R.194.2(k).:

If this is a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, produce all medical records and bills obtained by you by virtue of an authorization furnished by Plaintiff.

12.     R.194.2(l).:

Produce the name, address, and telephone number of any person who may be designated as a responsible third party.

78. **PLAINTIFF'S INTERROGATORIES TO DEFENDANTS**

**TO:    Defendants,**

Please take notice that pursuant to Rules 192 and 197 of the Texas Rules of Civil Procedure, Plaintiff serve the attached interrogatories to be propounded to Defendants

You are hereby instructed to answer the following interrogatories separately, fully, in writing, and under oath if required by Rule 197.2(d) of the Texas Rules of Civil Procedure.  The answers shall be served upon the undersigned counsel within 30 (thirty) days after the service of these interrogatories.

Your failure to make timely answers or objections may subject you to sanctions as provided in Rule 215 of the Texas Rules of Civil Procedure.

Furthermore, demand is made for the supplementation of your answers to these interrogatories as required by Rule 193.5 of the Texas Rules of Civil Procedure.

### DEFINITIONS AND INSTRUCTIONS

1.    As used herein, the terms "you" and "your" shall refer to Defendants, Defendant's attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of Defendants, whether authorized to do so or not.

2.    As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all nonidentical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person.    The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and

contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.      In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.      "Person": The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5.      "Identify" or "Identification":

(a)      When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

(b)      When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

(c)      When used in reference to a document, "identify" or "identification" shall include statement of the following:

(i)      the title, heading, or caption, if any, of such document;

(ii)      the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

(iii)   the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

(iv)   the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

(v)   the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

(vi)   the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

(vii)   the physical location of the document and the name of its custodian or custodians.

6.     "Settlement": as used herein, means:

(a)   an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between Plaintiff and any Defendants or between any defendant herein whereby Plaintiff or Defendants have in any way released, compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein.

(b)   any resolution of the differences between the Plaintiff and Defendants by loan to the Defendants or any other device which is repayable in whole or in part out of any judgment the Plaintiff may recover against Defendants.

(c)   The term "settlement" shall also include "Mary Carter Agreements" as that term is used under Texas Law.

7.     Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time up to and including the present date.

## INTERROGATORIES

 1. Please state the full name, address, telephone number, date of birth, driver's license number, social security number, and occupation of all persons providing information in answering these interrogatories.

**ANSWER:**

 2. Please state the type of your business entity (i.e., partnership, corporation, etc.), and state the general nature of your business, the date of its inception, its full and complete name, and all assumed names that the business uses at the present and has used in the past.

**ANSWER:**

 3. State the names of all insurance companies who had primary or excess (umbrella) insurance coverage in effect on the date(s) of the incident(s) made the basis of the claims made against you herein and the policy number(s), amount(s) or limit(s) of coverage.

**ANSWER:**

 4. Identify each and every claim made against you under the Texas Deceptive Trade Practices Act in the past five (5) years by stating the date such claim was made, the name of the person who made the claim, a general description of the claim, the disposition, and any payments, property or services provided by you to the claimant in connection with such disposition.

**ANSWER:**

 5. List by giving the Cause Number, identities of all parties, court of jurisdiction, description of controversy, the amount in controversy, date of filing, date of resolution, prevailing party, and announcement of settlement or judgment of all suits in which you have been a party for the past five (5) years and/or are pending on this date.

**ANSWER:**

 6. Please describe all money provided by you in connection with the Contract referenced in Plaintiff's Original Complaint, and what the money was/were for.

**ANSWER:**

7.     Identify all persons that were employed or contracted by you who provided services relating to the Contract referenced in Plaintiff's Original Complaint and any services provided in connection therewith, by stating the name, address, telephone number, date of birth, driver's license number, social security number, and occupation, and describe the scope of authority for each such person.

**ANSWER:**

8.     Identify each and every occasion that a communication occurred between you (and any employee, representative or agent of you) and Defendants.  Include in your answer when the communication was made, the total verbatim communication (if that is not possible, then state the detailed substance of the communication), the date, time, and location the same occurred, and the identity of any employee or other person present at the time such communication was made.

**ANSWER:**

9.     Identify any and all other representations made by you (and any employee, representative or agent of you) to Defendants regarding the Contract and any services provided in connection therewith.  Include in your answer when the representation was made, the total verbatim representation (if that is not possible, then state the detailed substance of the representation), the date, time, and location the same occurred, and the identity of any employee or other person present at the time such representation was made.

**ANSWER:**

10.     If you contend that representations were made by you (or and any employee, representative or agent of you) to Plaintiff that constitute generalizations, opinion, or "puffery" that are not actionable under the Texas Deceptive Trade Practices Act, identify any and all such representations.  Include in your answer when the representation was made, the total verbatim representation (if that is not possible, then state the detailed substance of the representation), the date, time, and location the same occurred, and the identity of any employee or other person present at the time such representation was made.

**ANSWER:**

11.     If you contend that you relied on other written information that was false and/or inaccurate under Section 17.506 of the Texas Deceptive Trade Practices Act, generally describe the factual bases for this defense, including a description of the information on which you relied, how you obtained such information, how you gave notice to Plaintiff of your reliance on this information, and how and when you found out this information was false and/or inaccurate.

**ANSWER**:

12.     If you contend that Plaintiff has no standing as a consumer under the Texas Deceptive Trade Practices Act, generally describe the factual bases for this contention.

**ANSWER**:

13.     If you contend that another person failed to mitigate damages to any extent in connection with their causes of action in this cause, generally describe the factual bases for this contention.

**ANSWER**:

14.     If you contend that the damages claimed herein were caused by some other person, occurrence, disease, condition or cause, either before or after the incidents made the basis of this case, describe in detail such other person, occurrence, disease, condition or cause.

**ANSWER**:

15.     List all criminal arrests and criminal charges against you, your predecessors, affiliates, or subsidiaries, or divisions by giving the cause number, identities of all accused, court of jurisdiction, description of criminal charges, date and place of arrest, plea made, date of trial and/or plea bargain, whether or not convicted and on what charges, time served, date of release from confinement, whether or not granted pardon or parole, and if so, date pardon granted or parole was or will be successfully completed.

**ANSWER**:

16.     Were any tests, inspections or measurements made or taken relating to the agreement and any goods and/or services provided in connection therewith? If so, please state the nature of the test, inspection or measurement conducted, the date of the same, the name, telephone number, and address of any person that conducted or was involved therewith, and any person now having custody of any written report concerning the same.

**ANSWER**:

17.     Please describe all goods and/or services provided by you in connection with the agreement and any goods and/or services incident thereto, by stating the dates that the goods and/or services were provided and a specific description of the nature of such goods and/or services.

**ANSWER**:

18.     Identify all express warranties or implied warranties that were given in connection with the agreement and any goods and/or services provided with respect thereto.

**ANSWER**:

19.     If you contend that any express or implied warranty at issue in this lawsuit was disclaimed, generally describe the factual bases for this contention.

**ANSWER**:

20.     If you are asserting affirmative defenses in this cause, generally describe the factual bases for each such affirmative defense.

**ANSWER**:

## **VERIFICATION**

STATE OF TEXAS                           §
                                         §
COUNTY OF DALLAS                         §

BEFORE ME, the undersigned authority, personally appeared_____,

who stated, upon oath, that the statements made in the foregoing instrument are within his or her

personal knowledge and are true and correct.

_____

**SUBSCRIBED AND SWORN TO BEFORE ME** on _____, by

_____.

_____
Notary Public, State of Texas

79.    **PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANTS**

**TO:**   **Defendants,**

Please take notice that request is hereby made by Plaintiff, pursuant to Rule 196 of the Texas Rules of Civil Procedure, that Defendants, produce or permit the undersigned attorney, Kenneth Onyenah, to inspect and copy or reproduce the items hereinafter designated on Exhibit "A" attached hereto.

Within 30 days after service of these Requests for Production, you must serve a written response to the undersigned attorney at 8585 Stemmons M-25, s, Texas  75247, including the items requested or stating with respect to each request that an inspection and copying or reproduction will be permitted as requested.

In the event a request is objected to, please specifically state (a) the legal or factual basis for the objection, and (b) the extent to which you refuse to comply with the request.  Pursuant to Rule 193.2(b) of the Texas Rules of Civil Procedure, a party must comply with as much of the request to which the party has made no objection unless it is unreasonable under the circumstances to do so before obtaining a ruling on the objection.

## DEFINITIONS AND INSTRUCTIONS

1.     As used herein, the terms "you" and "your" shall mean Defendants, and all attorneys, agents, and other natural persons or business or legal entities acting or purporting to act for or on behalf of Defendants, whether authorized to do so or not.

2.     As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all nonidentical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter. It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems. For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries or drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements or interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.     In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.     "Person" or "persons" means any natural persons, firms, partnerships, associations, joint ventures, corporations and any other form of business organization or arrangement, as well as governmental or quasi-governmental agencies. If other than a natural person, include all natural persons associated with such entity.

5.      Any and all data or information which is in electronic or magnetic form should be produced in a reasonable manner.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## TIME PERIOD

Unless specifically stated in a request for production of documents, all information herein requested is for the entire time period, through the date of production of documents requested herein.

## EXHIBIT A
## DOCUMENTS TO BE PRODUCED

1.      Any and all documents which relate to the contract or agreement at issue in this lawsuit.

2.      Copies of estimates, invoices, bills of lading and/or any other written documentation, including responsive items stored in electronic form that relate to the Contract and any other goods and/or services provided in connection therewith.  Responsive documents in electronic form should be produced.

3.      Any and all documents showing that the conditions of the agreement were fully performed as alleged in the original petition.

4.      Any and all documents (or other tangible evidence) that describe, refer to, support, reflect, memorialize, or substantiate goods and/or services provided relating to the Contract between the parties (and any other goods or services provided in connection therewith) by any person or entity that is not a party to this lawsuit, including any contracts or agreements between you and any subcontractors, work orders, invoices, bills of lading and records of payment.

5.      Any and all documents (or other tangible evidence), including responsive items stored in electronic form that describe, refer to, support, reflect, memorialize, or substantiate any and all communication, oral or written, between you (and any of your agents, employees and/or representatives) and Plaintiff.

6.      Any and all documents (or other tangible evidence) that describe, refer to, support, reflect, memorialize, or substantiate any express or implied warranty given or made in connection with the incidents made the basis of the lawsuit.

7.      Any and all documents (or other tangible evidence) that describe, refer to, support, reflect, memorialize, or substantiate any representation that pertains to the Contract between the parties and any other goods and/or services provided in connection therewith.

8.      Any and all documents (or other tangible evidence) which relate to any claims for damages (past and future).

9.      Any and all written information allegedly relied upon by you that you allege may have been false and/or inaccurate and that you allege may be a cause of the damages claimed by Plaintiff in this lawsuit.

10.      Any and all documents (or other tangible evidence) that describe, refer to, support, reflect, memorialize, or substantiate any claim made by you that Plaintiff or any other person failed to mitigate damages alleged herein to any extent.

11.      Any and all documents (or other tangible evidence) that describe, refer to, support, reflect, memorialize, or substantiate any alleged disclaimer of warranty or "as-is" provision in connection with the incidents made the basis of the lawsuit.

12.      Any and all documents (or other tangible evidence) that describe, refer to, support, reflect, memorialize, or substantiate the producing cause or proximate cause for the damages claimed by Plaintiff in this lawsuit, that have not been previously produced in response to a prior Request for Production herein.

13.      Any and all documents (or other tangible evidence) that describe, refer to, support, reflect, memorialize, or substantiate the negligence or other fault of Plaintiff or any other person for the damages claimed by Plaintiff in this lawsuit.

14.      Any and all documents (or other tangible evidence) that describe, refer to, support, reflect, memorialize, or substantiate any money paid and/or received, bills, or other consideration involved in the transactions the subject of this lawsuit, including but not limited to canceled checks, receipts, or other documentation.

15.      Any and all advertising that relates to the Contract between the parties and any other goods and/or services provided in connection therewith, regardless of whether any such advertising directly pertains to the incidents made the basis of this lawsuit or was provided to any member of the public.

16.      Copies of any and all diaries, logs, calendars, or other notes kept in any form whatsoever concerning the incidents or transactions made the basis of this suit.

17.      Any rules, written procedures, management guidelines, operating guidelines, or any other similar documents (or other tangible evidence) that pertain to the Contract between the parties and any other goods and/or services provided in connection therewith, and/or the incidents made the basis of this lawsuit.

18.     A copy of any and all correspondence or other communications relating to the incidents or transactions made the basis of this suit.

19.     All photographs, motion pictures, movies, films, or photographic material of any kind taken that relate to the allegations or defenses in this lawsuit.

20.     All written statements made by Plaintiff, to you, or any of your representatives, agents, employees, or any witness in this lawsuit.

21.     All oral statements made by Plaintiff, to you (or any of your representatives, agents, employees), or any witness in this lawsuit, which were either recorded or taped on an electronic device or recorder.

22.     Copies of any and all books, documents or other tangible things which may or may not be introduced at trial, but which may have a bearing on this lawsuit and may be used as demonstrative evidence at trial.

23.     Any and all documents that have been furnished to persons whom you may call as expert witnesses at the trial of this case or to persons whose opinions or impressions have been reviewed by any expert whom you may call as an expert witness at the trial.

24.     Any and all documents prepared by each expert who you may call to testify at trial or who is not expected to be called to testify at trial but whose opinions or impressions have been reviewed by a testifying expert.

25.     Any and all documents (or other tangible evidence) that describe, refer to, support, reflect, memorialize, or substantiate any and all items of damages for which documentation has not previously been produced herein.

26.     Any and all documents (or other tangible evidence) that describe, refer to, support, reflect, memorialize, or substantiate any and all costs of repair, costs of completion, or remedial costs expended herein.

27.     Any and all documents (or other tangible evidence) that describe, refer to, support, reflect, memorialize, or substantiate any and all estimates of costs of repair, costs of

completion, or remedial costs that are alleged to be necessary but not yet performed.

28.     Any and all documents (or other tangible evidence) that describe, refer to, support, reflect, memorialize, or substantiate any and all actual costs or estimates of costs of replacement associated you claim herein, including any documentation of the methods, analyses, formulas, assumptions, or other calculations used to arrive at such figures or estimates.

29.     Any and all documents (or other tangible evidence) that describe, refer to, support, reflect, memorialize, or substantiate any damages for lost profits you claim herein, including any documentation of the methods, analyses, formulas, assumptions, or other calculations used to arrive at such figures or estimates.

30.     Any and all documents (or other tangible evidence) that describe, refer to, support, reflect, memorialize, or substantiate any damages for loss of use you claim herein, including any documentation of the methods, analyses, formulas, assumptions, or other calculations used to arrive at such figures or estimates.

31.     Any and all published treatises, periodicals or pamphlets on a subject of history, science or art which you, your attorneys or expert witnesses claim to be reliable authority which may be used at trial herein.

32.     A copy of your contract with your attorney.

33.     Any and all documents identified or referred to in your answers to Interrogatories not provided in response to the foregoing Requests.

34.     Copies of estimates, invoices, and/or any other written documentation that relate to the Contract between the parties and any services provided in connection therewith.

35.     Any and all documents (or other tangible evidence) that describe, refer to, support, reflect, memorialize, or substantiate services provided relating to the Contract between the parties (and any services provided in connection therewith) by any person or entity that is not a party to this lawsuit, including any contracts or agreements between you and any subcontractors, work orders, invoices, and records of payment.

36.     Any and all documents (or other tangible evidence) that describe, refer to, support, reflect, memorialize, or substantiate any and all communication, oral or written, between you (and any of your agents, employees and/or representatives) and Plaintiff.

37.    All written reports of inspection, tests, writings, drawings, graphs, charts, recordings, investigation documentation, reports and/or memoranda or opinions of anyone that relate to the Contract between the parties and any services provided in connection therewith.

39.    Any and all documents (or other tangible evidence) that describe, refer to, support, reflect, memorialize, or substantiate any express or implied warranty given or made in connection with the incidents made the basis of the lawsuit.

40.    Any and all documents (or other tangible evidence) that describe, refer to, support, reflect, memorialize, or substantiate any representation that pertain to the Contract between the parties and any services provided in connection therewith.

41.    Any and all documents (or other tangible evidence) that describe, refer to, support, reflect, memorialize, or substantiate any claim made by you that any representations at issue in this lawsuit constitute generalizations, opinion, or "puffery" that are not actionable under the Texas Deceptive Trade Practices Act.

42.    Any and all documents (or other tangible evidence) that describe, refer to, support, reflect, memorialize, or substantiate any offer made by you to settle any claim of the Plaintiff.

43.    Any and all written information allegedly relied upon by you that you allege may have been false and/or inaccurate and that you allege may be a cause of the damages claimed by Plaintiff in this lawsuit.

44.    Any and all documents (or other tangible evidence) that describe, refer to, support, reflect, memorialize, or substantiate any claim made by you that Plaintiff is not a "consumer" under the Texas Deceptive Trade Practices Act.

45.    Any and all documents (or other tangible evidence) that describe, refer to, support, reflect, memorialize, or substantiate any claim made by you that you are subject to an exemption under Section 17.49 of the Texas Business and Commerce Code.

46.    Any and all documents (or other tangible evidence) that describe, refer to, support, reflect, memorialize, or substantiate any claim made by you that Plaintiff or any other person failed to mitigate damages alleged herein to any extent.

47.     Any and all documents (or other tangible evidence) that describe, refer to, support, reflect, memorialize, or substantiate any alleged disclaimer of warranty or "as-is" provision in connection with the incidents made the basis of the lawsuit.

48.     Any and all documents (or other tangible evidence) that describe, refer to, support, reflect, memorialize, or substantiate the producing cause or proximate cause for the damages claimed by Plaintiff in this lawsuit, that have not been previously produced in response to a prior Request for Production herein.

49.     Any and all documents (or other tangible evidence) that describe, refer to, support, reflect, memorialize, or substantiate any money paid and/or received, bills, or other consideration involved in the transactions the subject of this lawsuit, including but not limited to canceled checks, receipts, or other documentation.

50.     Any and all advertising that relates to the Contract between the parties and any services provided in connection therewith, regardless of whether any such advertising directly pertains to the incidents made the basis of this lawsuit or was provided to any member of the public.

51.     Copies of any documents, correspondence or other items filed with, sent to, or received from any state, county, city, federal or governmental agency, institution or department or representative within the last five (5) years that relate to the Contract between the parties (and any services provided in this regard), including in connection with the claim of Plaintiff herein and in connection with any other consumer claim made against you during such time.

52.     Copies of any and all diaries, logs, calendars, or other notes kept in any form whatsoever concerning the incidents or transactions made the basis of this suit.

53.     Any rules, written procedures, management guidelines, operating guidelines, or any other similar documents (or other tangible evidence) that pertain to the Contract between the parties and any services provided in connection therewith, and/or the incidents made the basis of this lawsuit.

54.     A copy of any and all correspondence or other communications relating to the incidents or transactions made the basis of this suit.

55.     All photographs, motion pictures, movies, films, or photographic material of any kind taken that relate to the allegations or defenses in this lawsuit.

56.     All written statements made by Plaintiff to you, or any of your representatives, agents, employees, or any witness in this lawsuit.

57.     All oral statements made by Plaintiff, to you (or any of your representatives, agents, employees), or any witness in this lawsuit, which were either recorded or taped on an electronic device or recorder.

58.     Copies of any and all books, documents or other tangible things which may or may not be introduced at trial, but which may have a bearing on this lawsuit and may be used as demonstrative evidence at trial.

59.     Any and all published treatises, periodicals or pamphlets on a subject of history, science or art which you, your attorneys or expert witnesses claim to be reliable authority which may be used at trial herein.

60.     A copy of any and all time and expense records kept by your attorney reflecting expenses incurred by your attorney or time spent by your attorney in connection with this suit.

61.     A copy of any insurance agreement under which you were insured at any time during the incidents made the basis of this lawsuit, without regard to whether you claim or deny such agreement applies to such incidents.

80.   **PLANTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANTS**

**TO:   Defendants,**

**NOW COME** Plaintiff, in the above styled and numbered cause, and pursuant to Rule

198 of the Texas Rules of Civil Procedure, make the following Requests for Admissions of Fact.

You are notified that Plaintiff's demand that within 30 days after the service of these

requests, Defendants, specifically admit or deny the facts requested as set forth on Exhibit "A."

A failure to specifically answer any request, or an evasive answer to any request, will be taken as

an admission of truth of such request.

## DEFINITIONS AND INSTRUCTIONS

1.     As used herein, the terms "you" and "your" shall refer to Defendants, Defendant's attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of Defendants, whether authorized to do so or not.

2.     "Person": The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

3.     "Settlement," as used herein, means:

(a)     an oral or written, disclosed or undisclosed agreement, bargain, contract, settlement, partial settlement, limited settlement, arrangement, deal, understanding, loan arrangement, credit arrangement, contingent settlement, limitation on the amount of liability or judgment, or a promise by or between Plaintiff and any Plaintiff-Counter defendant or between any Plaintiff Counter-defendant herein whereby Plaintiff or Plaintiff Counter-defendant have in any way released or compromised, in whole or in part, directly or indirectly, or agreed to do so in the future, any of the matters in controversy in this lawsuit whether before, after or during trial or before or after any jury verdict is returned herein or a judgment is entered or rendered herein;

(b)     any resolution of the differences between the Plaintiff and Defendants by loan to the Plaintiff or any other device which is repayable in whole or in part out of any judgment the Plaintiff may recover against Defendants;

(c)     "Mary Carter Agreements" as that term is used under Texas Law.

4.     Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time up to and including the present date.

## EXHIBIT "A"

## REQUESTS FOR ADMISSION

1.      Admit or deny that Defendants have residence in Dallas County, Texas.

**ADMIT OR DENY:** _____

2.      Admit or deny that all the events leading to the Plaintiff filling this lawsuit occurred in Dallas, County Texas.

**ADMIT OR DENY:** _____

3.      Admit or deny that you came to Dallas County, Texas to transact business relationship with the Plaintiff

**ADMIT OR DENY:** _____

4.      Admit or deny that you have real property(ies), in Texas

**ADMIT OR DENY:** _____

5.      Admit or deny that you have personal propertied in Texas

**ADMIT OR DENY:** _____

6.      Admit or deny that you are aware that the Plaintiff took out some loans from financial institutions in Texas, which you agree to refund him on.

**ADMIT OR DENY:** _____

7.      Admit or deny that you asked the Plaintiff to purchase real property on your behalf in Texas

**ADMIT OR DENY:** _____

8.      Admit or deny that you asked the Plaintiff to purchase personal properties on your behalf in Texas

**ADMIT OR DENY:** _____

9.      Admit or deny that you are a fiduciary of the Plaintiff.

**ADMIT OR DENY:** _____

10.     Admit or deny that Plaintiff provided you money to buy stocks and/or shares in various companies for him.

**ADMIT OR DENY:** _____

11.     Admit or deny that Plaintiff provided you money to buy stocks and/or shares in various companies for him in Nigeria.

**ADMIT OR DENY:** _____

12.     Admit or deny that you have promised on more than one occasion to provide property accounting to the Plaintiff, yet you have refused to do that.

**ADMIT OR DENY:** _____

13.     Admit or deny that the contractual obligations required by the contract between the parties were to be substantially performed in Dallas County, Texas.

**ADMIT OR DENY:** _____

14.     Admit or deny that you used monies provided to you by the Plaintiff to buy stocks and/or shares from him for your personal benefits

**ADMIT OR DENY:** _____

15.     Admit or deny that you commingled monies provided to you by the Plaintiff with your personal money

**ADMIT OR DENY:** _____

## INTENT TO USE DEFENDANTS'S DOCUMENTS

76.  In accordance with Texas Rule of Civil Procedure, Rule 193.7, Plaintiff hereby notify Defendants that any and all documents produced to Plaintiff by Defendants in response to written discovery requests may be used at any pretrial proceeding, as well as entered into evidence at the final trial of this cause, and are considered authenticated as to producing parties by the fact of producing itself.

## PLANTIFF HEREBY DEMAND TRIAL BY JURY

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, respectfully pray that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for specific performance damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, declaratory judgment, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.


Respectfully submitted,

By: _____

Kenneth Onyenah
Texas Bar No. 24007779
Email: kennethonyenahlaw@yahoo.com
8585 Stemmons M-25
Dallas, Texas 75247
Tel. (214) 631 3889
Fax. (214) 631 0816
Attorney for Plaintiff